**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

WAYNE AUTOMATIC FIRE
SPRINKLERS, INC.,

     Plaintiff,

vs.                                                                  Case No.   6:16-cv-321-Orl-22KRS

INSYS THERAPEUTICS, INC.,
GESSLER CLINIC PROFESSIONAL
ASSOCIATION, EDWARD LUBIN, M.D.,
UMR, INC. and OPTUMRX, INC.

     Defendants.

_____/

**NOTICE OF REMOVAL**

Defendant, Gessler Clinic Professional Association, by and through its undersigned

attorneys of record, and pursuant to 28 U.S.C. § 1446, as well as Rule 4.02 of the Rules of the

United States District Court for the Middle District of Florida, removes this action from the

Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, and states:

1.     As indicated by the allegations of the Complaint, a copy of which is attached as

Exhibit 1 to this Notice, this action involves alleged damages suffered by an employer, Wayne

Automatic Fire Sprinklers, Inc. ("Wayne Automatic"), deriving from its sponsorship of a self-

funded employee benefit plan ("Plan") under which Wayne Automatic provided health insurance

to its employees. The contention is that as a result of fraud and subterfuge, a beneficiary of the

Plan was prescribed a pain medicine that should not have been covered under the Plan, and that

was not FDA-approved for the particular circumstances. Plaintiff claims that damages were

suffered in that the Plan paid for this medication.  Relief is sought from the health care providers involved with the treatment of the patient (Gessler Clinic and Dr. Lubin, the physician who treated the patient), from the manufacturer of the medication (Insys Therapeutics, Inc.), and from third party administrators retained to administer the provision of benefits under the Plan (UMR, Inc. and OptumRx, Inc.).

2.      Attached as Exhibit A to the Complaint is a copy of the Health Benefit Summary Plan Description for the Plan, which states on its very first page that "The Plan is intended to comply with and be governed by the Employee Retirement Income Security Act of 1974 (ERISA) and its amendments." On the same page it is stated that the Summary Plan Description "is being furnished to You in accordance with ERISA." At page 3 of the Summary Plan Description it is stated:

> It is intended that this Plan meet all applicable requirements of ERISA and other federal regulations. In the event of any conflict between this Plan and ERISA or other federal regulations, the provisions of ERISA and the federal regulations shall be deemed controlling, and any part of this Plan shall be deemed superseded to the extent of the conflict.

Exhibit A to Complaint at page 3. References to ERISA appear elsewhere throughout the Summary Plan Description.

3.      Provisions of the Summary Plan Description beginning at page 72 under the subtitle "RIGHT OF SUBROGATION, REIMBURSEMENT AND OFFSET" provide expansive rights to the Plan to pursue recoveries or reimbursements from third parties, or from amounts the injured employee may recover from third parties. Accordingly, these rights of subrogation, reimbursement, and offset reach claims – such as the claims asserted in the Complaint – where

payments have allegedly been made improperly by the Plan, and for which recovery may be sought by the Plan. While an appreciation of the full breadth of the Plan's rights under this provision requires examination of the relevant pages, it is worth noting that the terms give the Plan the right to seek recovery from any other party who has caused the medical condition, and if the covered person fails to cooperate the Plan may recover those amounts by offsetting from any present or future benefits payable to the covered person or their spouse or dependents. Also, the Plan specifically reserves the right to independently pursue and recover paid benefits. As stated in the Summary Plan Description:

> That the Plan has a right to recover, through subrogation, reimbursement, offset or through any other available means, the following:
>
> › Any amount from the first dollar, that the Covered Person or any other person or organization on behalf of the Covered Person is entitled to receive as a result of the Accident, Illness, Injury or other medical condition, to the full extent of benefits paid or provided by the Plan; and
>
> › Any overpayments made directly to providers on behalf of the Covered person for the Accident, Illness, Injury or other medical condition.

Summary Plan Description at 73. See also Summary Plan Description at page 87 ("Plan has the right to recover against Covered Persons if the Plan has paid them or any other party on their behalf").

4.      Attached as Exhibit B to the Complaint is the Administrative Services Agreement between Wayne Automatic and UMR, Inc., which also references ERISA. For example: "UMR

3

is retained under this Agreement to perform ministerial functions, not discretionary functions, as clarified in the Department of Labor regulations under ERISA . . . ." Id. at page 3.

5.      At the heart of the Complaint is an effort to recover expenses incurred by the Plan, as a result in part on alleged failures of the Plan administrators to adequately perform their duties under the agreement for administration of the Plan, and alleged violations by the pharmaceutical manufacturer as well as the health care providers resulting in provision of Subsys pain medication to an employee covered by the Plan. This action is so dependent upon and related to the provision of benefits under an employee benefits plan as to come within the express preemption terms of ERISA. It follows via ERISA preemption that the claims asserted in the Complaint arise under federal law, allowing removal to federal court.

6.      For this removal we rely principally upon Blue Cross and Blue Shield of Alabama v. Weitz, 913 F.2d 1544 (11th Cir. 1990), which also involved a claim that a health care provider was improperly paid. In Weitz, the claim was that the physician had not actually seen the patient, but even so submitted claims and received payment for psychotherapy and related services. The services were actually provided by a social worker, who reported to the psychologist. The fiduciary claimed this was not compensable under the benefits plan. The district court denied a motion to dismiss, finding that an action for erroneously paid benefits falls within 29 U.S.C. § 1132(a)(3). On appeal, the physician argued that he was not the type of defendant properly sued under ERISA as he was not a party to a plan and owed no obligations under the plan. The Eleventh Circuit found the claim was covered by ERISA:

> We . . . find in the language of § 1132(a)(3) no limitation on the types of defendants properly subject to an enforcement suit by a fiduciary . . . nor do we find language limiting suits to enforce the terms of the plan to actions "to ensure continuing compliance" . . . .
>
> . . . . While . . . suits by fiduciaries against third parties wrongfully in receipt of payments are not at the heart of Congressional purpose in passing ERISA, neither do they contravene that purpose. On the contrary, it could be argued that allowing such suits would tend to preserve the integrity of ERISA-governed funds, which is consonant with the central goals of ERISA. . . . .

Weitz, 913 F.2d at 1548.  For these and other reasons as set forth in the opinion, the Eleventh Circuit affirmed the district court's ruling that a claim for recovery of amounts paid to a health care provider is properly stated under ERISA. Id. at 1549.

7.   Weitz was recently followed as binding precedent in Aflac, Inc. v. Bloom, 948 F.Supp.2d 1374 (M.D. Ga. 2013), which also involved an action against a physician who had allegedly been overpaid following misrepresentations that he had provided medical services that he had not actually provided. The issue in Bloom was raised in connection with a motion for remand, and the district court concluded that the state law claims against the physician were completely preempted so as to allow the removal of those claims from state court. Because federal courts have exclusive jurisdiction over claims to recover improperly made payments to a health care provider under an ERISA plan, those state claims were completely preempted, and the case was properly removed to federal court:

> Plaintiffs, in conformity with their strategy to distance themselves from the Plan and thus avoid ERISA preemption, suggest that the Plan is essentially irrelevant to their claims. It's as if Dr. Bloom walked into their office tower off the street and concocted a fraudulent scheme to steal corporate assets. Plaintiffs ignore that Dr. Bloom was presumably approved by them, at least implicitly, to participate as a provider in the Plan. His only involvement with Plaintiffs was through the

5

Plan. The only reason he was paid a dime by Plaintiffs was because of the Plan. The only way that he was able to take any of Plaintiffs' funds was because of misrepresentations he allegedly made about services provided under the Plan. Although Aflac's briefing takes this "what Plan?" approach, it is interesting that Aflac apparently believed when it filed its Complaint that this litigation was sufficiently connected to the Plan that the Plan should be named as a party Plaintiff. Moreover, Plaintiffs seek specific injunctive relief to protect the Plan and its beneficiaries from Dr. Bloom. To suggest that Dr. Bloom's duties arise irrespective of the Plan and its terms elevates form over substance. To suggest that Plaintiffs do not seek equitable relief to protect the Plan, its participants, and beneficiaries ignores the language of the Plaintiffs' Complaint.

Plaintiffs also complain that if they cannot sue Dr. Bloom for state law claims such as fraud that they will have no remedy for recovering the funds erroneously paid to him. This contention simply ignores binding Eleventh Circuit precedent. *Weitz* makes it clear that payments made erroneously to a plan provider may be recovered under ERISA in federal court.

For the reasons explained in this Order, the Court finds that Plaintiffs' claims are completely preempted by ERISA.

Bloom, 948 F.Supp.2d at 1381-82.

8.      The only case we find from the Middle District on this point also followed the

Eleventh Circuit's decision in Weitz, and held that the provider of health insurance benefits can

sue under ERISA to recover amounts wrongfully paid to health care providers where the plaintiff

alleged an unlawful patient referral network and the treatment of patients without medical need.

See Metrahealth Ins. Co. v. Anclote Psychiatric Hosp., 1997 WL 728084, *6-*8 (M.D. Fla.

1997). The Court rejected arguments that the insurance provider was not a "fiduciary" and that

healthcare providers are not the kind of defendants against which Congress intended to authorize

ERISA lawsuits.

9.      Other courts have also followed the Eleventh Circuit's holding in Weitz that an ERISA claim is properly stated for recovery of alleged overpayments or improper payments to health care providers. See, e.g., Central States, SE and SW Areas Health and Welfare Fund v. Neurobehavioral Associates, 53 F.3d 172, 173-75 (7th Cir. 1995).[1]

10.      To the extent, if any, that claims asserted in the Complaint are not completely preempted by ERISA, such claims are within the supplemental jurisdiction of this Court under 28 U.S.C. § 1367.

11.      Attached as Exhibit 2 to this Notice is a true copy of the Summons, showing that Gessler Clinic was served on February 3, 2016. Accordingly, this removal is timely as it is made within thirty days of service, as required by 28 U.S.C. § 1446.

12.      A true copy of this Notice will be filed with the Circuit Court of the Ninth Judicial Circuit. All process and pleadings served upon Gessler Clinic are attached as Exhibits 1 and 2 to this Notice. All other filings to date in the Circuit Court are attached as Composite Exhibit 3 to this Notice.

WHEREFORE Defendant, Gessler Clinic Professional Association, effects removal of this case for all further proceedings to the United States District Court for the Middle District of Florida, prays that this Court take jurisdiction of this action for all purposes as if this action had

---

[1]      But see United Healthcare Servs. v. Sanctuary Surgical Cntr., 5 F.Supp. 3d 1350 (S.D. Fla. 2014) (declining to follow Weitz and Aflac). We intend to provide a fuller examination of Sanctuary Surgical Services, and the error in that Court's failure to follow the binding decision of the Eleventh Circuit in Weitz, in our motion to dismiss Wayne Automatic's ERISA-preempted state law causes of action. That motion and supporting memorandum will be filed shortly.

originally been filed here, and requests that nothing further proceed in this matter in the Circuit

Court of the Ninth Judicial Circuit.

Respectfully submitted,

PETERSON & MYERS, P.A.

By: ___*/s/ Stephen R. Senn*_____
    Stephen R. Senn
    Florida Bar No. 0833878

By: ___*/s/ Robert E. Puterbaugh*_____
    Robert E. Puterbaugh
    Florida Bar No. 120371
    P. O. Box 24628
    Lakeland, FL 33802-4628
    Telephone: (863) 683-6511
    Facsimile: (863) 682-8031
    rputerbaugh@petersonmeyrs.com
    ssenn@petersonmyers.com
    Attorneys for Gessler Clinic
    Professional Association

### CERTIFICATE OF SERVICE

I certify that on this 22nd day of February, 2016, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system. I further certify that the foregoing document

has been filed with the Orange County Clerk of the Court by using the Florida Courts E-Filing

Portal system which will send a notice of electronic filing to registered users who have appeared

in that proceeding. I further certify the foregoing has been forwarded by e-mail and/or regular

U.S. Mail to the following addressees:

8

Amy S. Tingley
Matthew J. Pearce
STOVASH, CASE & TINGLEY, P.A.
The VUE at Lake Eola
220 N. Rosalind Ave.
Orlando, FL 32801
atingley@sctlaw.com
lprentice@sctlaw.com
mpearce@sctlaw.com
rbryan@sctlaw.com
*Attorneys for Plaintiff*

Mark E. McLaughlin
Brandon A. Blake
BEYTIN, MCLAUGHLIN, et al.
201 N. Franklin St., Suite 2900
Tampa, FL 33602
e-designation@law-fla.com

Insys Therapeutics, Inc.
c/o Corporation Service Co., Reg. Agent
2338 W. Royal Palm Rd., Suite J
Phoenix, AZ 85021

Edward Lubin, M.D.
635 First Street, North
Winter Haven, FL 33881

UMR, Inc.
c/o CT Corporation System, Reg. Agent
1200 S. Pine Island Rd.
Plantation, FL 33324

Optumrx, Inc.
c/o CT Corporation System, Reg. Agent
1200 S. Pine Island Rd.
Plantation, FL 33324

Gary R. Trombley
P. Matthew Luka
707 N. Franklin St., 10th Floor
Tampa, FL 33609
gtrombley@trombleyhaneslaw.com
mluka@trombleyhaneslaw.com

*/s/ Stephen R. Senn*
Stephen R. Senn

9